Foss and others v. The First National Bank of Denver.

(*Circuit Court, D. Colorado.* ——, 1880.)

1. Jurisdiction—National Banks.—The federal courts have jurisdiction over all suits by and against national banks, irrespective of the subject-matter.

2. Same—Same—Parties.—Joining merely nominal or personal parties has no effect either to confer or exclude jurisdiction; but trustees, executors, and the like are not formal parties, within the meaning of the rule, where in fact interested in the litigation. Accordingly, where two or three persons, claiming a certain fund which was in the custody of a national bank, brought their bill in equity against the bank and a third claimant, and the bank exhibited its cross-bill, praying that the parties might interplead, this was held to confer jurisdiction, although but for such cross-bill the jurisdiction was doubted.

In Equity. Bill and cross-bill. Motion to dismiss for want of jurisdiction.

*L. C. Rockwell* and *J. Q. Charles,* for motion.

*Wagner, Dyer & Emmons* and *W. S. Decker,* opposing.

McCrary, C. J.    This controversy relates to a fund which, under a written agreement between Simeon H. Foss, Absalom V. Hunter, and Charles R. Bissell, was deposited to their joint credit with the First National Bank of Denver. The money can be drawn from the bank only upon the joint check of the said Foss, Hunter and Bissell, and a dispute having arisen between them as to their respective shares thereof, no joint check has been signed.

On the eighth of January, 1879, defendant Bissell gave notice in writing to the bank that he claimed seven-twelfths of the fund, and that until his claim was adjusted he objected to the payment of any part of the fund to the other claimants. On the sixth of March following the plaintiffs in the original bill, Foss and Hunter, served a written notice on the bank, claiming to own nine-twelfths of said fund, and declaring that said Bissell was entitled to three-twelfths only, and they demanded of the bank payment of eight-twelfths of the amount on deposit, leaving in the hands of the bank one-twelfth, as in dispute between them and Bissell. It also ap-

pears, from an inspection of these notices, that Bissell claims four-twelfths of the fund in his own right, and three-twelfths, as agent and attorney for one C. J. Reynolds, and that Foss and Hunter deny all claims on behalf of said Reynolds. The plaintiffs in the original bill, Foss and Hunter, instituted this proceeding in order to settle the controversy as to the proper division of the fund, and pray decree directing payment to them of their alleged share, to-wit: eight-twelfths thereof. Defendant Bissell answers, claiming, in his own right and as representing C. J. Reynolds, to be entitled to seven-twelfths.

The bank answers, among other things, that it has no interest in the fund, and is only holding it as a depository, and does not know to which of the claimants it ought of right to render and pay the same. Of the cross-bill filed by the bank I will speak presently. The defendant Bissell moves to dismiss for want of jurisdiction. The motion is urged upon the ground that all the parties are shown by the bill to be citizens of the state of Colorado, and that there is no jurisdiction under the national bank act, because the First National Bank of Denver appears, by the record, to be only a nominal party, without interest in the litigation.

1. It may be regarded as settled that national banks may sue and be sued in the federal courts by virtue of the provisions of section 629 of the Revised Statutes of the United States, which provides as follows:

"Section 629—*Jurisdiction.* The circuit courts shall have original jurisdiction as follows: * * * * * * * * 'Tenth—Of all suits by or against any banking association established in the district for which the court is held, under any law providing for national banking associations.'" *First Nat. Bk. Omaha* v. *County of Douglas,* 3 Dillon, 298; *Bank of Bethel* ·v. *Pahquioque Bank,* 14 Wall. 383–395; *Kennedy* v. *Gibson et al.* 8 Wall. 498.

Under a similar provision of the charter of the United States Bank of 1816, a question was made as to the power of congress to confer jurisdiction upon a federal court in a case not necessarily involving the construction or the validity of a law of the United States, or of some provision of the consti-

tion, or of a treaty. This question was raised upon the second section of the third article of the constitution, which limits the judicial power of the United States to "cases in law and equity arising under this constitution, the laws of the United States, and treaties made or which shall be made under their authority," and it was claimed that a case against a bank of the United States was not necessarily a case arising under a law of the United States. But the supreme court, in the case of *Osborn* v. *United States Bank*, 9 Wheat. 738, in which an elaborate opinion was delivered by Chief Justice Marshall, held that the act of congress conferring jurisdiction upon the circuit courts in all suits by or against such banks, irrespective of the subject-matter, was constitutional.

This ruling applies with full force to the construction of the above-quoted provision of the Revised Statutes.

2. It seems to be well settled that the joining in a suit of merely nominal or formal parties can have no effect, either in conferring or excluding jurisdiction. *Browne* v. *Strode*, 5 Cranch, 303; *Wormley* v. *Wormley*, 8 Wheat. 421; *Wood et al.* v. *Davis*, 18 How. 467. Trustees and executors do not belong to this class. They are, although suing for others, the real prosecutors of the suit. They are parties to the contract. *McNutt* v. *Bland*, 2 How. 9–10; *Knapp* v. *Railroad Co.* 20 Wall. 117. In the latter case, which was a suit by a trustee, the court said: "He is not a mere passive instrument in the litigation. On the contrary, he is active in prosecuting it, and would be remiss in his duty if he failed in using all proper means to bring it to a successful issue. As the cause of action is vested in him, the court looks to his citizenship in determining the question of jurisdiction, and not to the residence of those persons who are beneficially interested in the subject-matter of the litigation." *McNutt* v. *Bland* was a suit on the official bond of a sheriff executed to the governor of the state. The action was brought in the name of the governor of Mississippi, against a citizen of that state, but for the use of citizens of another state. The jurisdiction was upheld upon the ground that the governor was a nominal party only, the court observing that "in no just

view of the constitution or law can he be considered a litigant party; both look to things, not names: to the action in controversies and suits, and not to the mere forms or inactive instruments used in conducting them, in view of some positive law."

Upon the authority of these and other similar cases I conclude that, where jurisdiction is dependent upon the parties to the suit, we are to look to the real and not to the merely nominal or formal parties. Where suit is brought against a national bank, by virtue of the statute under consideration, it must appear that the bank is a real active party to the litigation in order to maintain the jurisdiction. If the case stood upon the original bill and answer I should entertain grave doubts as to jurisdiction. It could, in that case, be upheld, if at all, only upon the ground that the proceeding, if conducted to a termination, would result in a judgment against the bank.

3. But the bank itself has chosen, by its cross-bill, to invoke the aid and protection of this court as a court of equity, and I will now consider whether it has, in this way, brought the controversy within the jurisdiction.

The circuit courts have jurisdiction of suits instituted by national banks in equity as well as at law; and the question to be determined is whether the cross-bill in this case may be regarded as in itself constituting a suit within the meaning of the equity rules and practice prevailing in this court. The cross-bill is filed by the bank against all the claimants of the fund in question, and it sets out the facts already referred to in this opinion. It also avers that plaintiff in the cross-bill is a national bank, organized and existing under the national banking act approved June 3, 1864, and amendatory acts, doing business at Denver, Colorado, within this district. It sets forth the fact of the filing of the original bill in this case, and the substance of the allegations therein, as well as a statement of the conflicting claims and demands upon said fund, of Foss and Hunter on one side and Bissell on the other. Concerning the fund in dispute, the cross-bill sets forth that "the same is now in the bank of your orator,

which sum your orator is informed and believes is in dispute between the said Bissell on the one side, and the said Foss and Hunter upon the other; that each party demands the right to own said sum of money last above stated; that your orator claims no right, title, or interest in or to the same, but is merely holding it as a depository or stakeholder, and does not know to which of the claimants he ought of right to render and pay the same. And your orator further represents and shows to the court that it is under no liability to either said Foss and Hunter or said Bissell, beyond that which arises to the title to the money so deposited in its bank. Said Bissell on the one hand, and Foss and Hunter on the other, demand that your orator should pay such money over to them, but they refuse to join in a joint check or order in checking the same out; that your orator has doubts as to which of said parties really owns said money, and that it cannot safely pay or render it to one party without being liable for the same debt to the other," etc.

The prayer is that defendants may be required to interplead, and settle or adjust between themselves, their right or claim in or to the disputed fund, the bank declaring its readiness to pay in accordance with the decree of the court. It is well settled that a trustee or bailee who is sued, or in danger of being sued, by several claimants of the same property, may have relief by filing a bill to compel them, by the authority of a court of equity, to interplead and settle their dispute in one suit. This rule is based upon the ground that such a proceeding relieves the bailee or depository from being harassed by suits in which he has no interest; and it is especially applicable to a case "where two or more persons severally claim the same thing under different titles, or in separate interests, from another person, who, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought of right to render the debt or duty claimed, or to deliver the property in his custody, is either molested by an action or actions brought against him, or fears that he may suffer injury from conflicting claims of the parties." 2 Story's Eq. Jur. § 806. The proceeding may

be instituted, not only to secure for the bailee or depository protection against being compelled to pay or deliver the thing claimed to both claimants, but also to relieve him from the vexation attending upon the suits which are or may be instituted against him. For a full discussion of the whole subject see 2 Story's Eq. Jur. §§ 801 to 813*b*, inclusive, and cases cited in notes.

The doctrine has been applied to the case of a bank having possession of funds claimed by adversary parties, which is this case. *The City Bank of New York* v. *Skelton,* 2 Blatchf. 14.

4. The remedy in such a case is, as will be seen from an examination of the foregoing authorities, by bill of interpleader, which is an original bill, filed by a person who claims no interest in the subject-matter, in opposition to the person against whom the bill is exhibited, but prays the decree of the court touching the rights of those persons for the safety of the plaintiff in the bill. Story's Eq. Pl. § 18. The remedy is here sought by means of a cross-bill, filed in a case already commenced; but upon examining this pleading I find that it is in substance, and in everything but name, an original bill of interpleader, and I am of the opinion that for the purposes of this motion it may be regarded as an original suit brought by the bank, in the nature of a bill of interpleader, against the several claimants of the fund in controversy. It was filed before answering the original bill, and it contains all the substantial allegations of a bill of interpleader, including a prayer for process and for relief. Story's Eq. Pl. c. 6. In form, the bill, considered as a bill of interpleader, may be slightly defective, but in substance it is sufficient, and in considering the question of jurisdiction we will look to the substance rather than to the form. As the whole controversy is presented by the cross-bill, and can be settled thereunder, I have no hesitation in holding that this court has jurisdiction, and the motion to dismiss is accordingly overruled.