### EINSTEIN et al. v. GEORGIA SOUTHERN & F. RY. CO. et al.

(Circuit Court, S. D. Georgia, W. D. March 4, 1903.)

1. DIVERSE CITIZENSHIP—TRUSTEES—REFUSAL TO SUE—JURISDICTION.

    In an action by two of three trustees against a corporation residing in another state, the fact that one of the trustees, who refused to join as plaintiff in the suit, and was made a defendant, resided in the same state as the corporation, did not deprive the federal court of jurisdiction, on the ground that the trustee residing in the same state with defendant was a necessary party plaintiff, since that trustee was not really a party to the controversy, but only made such in order that the rights of all interested parties might be determined in one proceeding.

In Equity.

Marion Erwin, for complainants.

Alexander C. King, John I. Hall, W. A. Henderson, and N. E. Harris, for respondents.

SPEER, District Judge. In this case suit is brought against a railroad company of this state to recover certain shares of stock alleged to have been issued to a person not entitled thereto. The suit is brought by Einstein and Rice, two out of three trustees, who are nonresidents of this state, representing the interest of the person alleged to be the true owner of the stock. The other trustee is a citizen of the state of Georgia, of this district, and, refusing to join as complainant, is made a party defendant, solely in order that he may be bound by the decree.

If the proper diversity of citizenship between the parties appears ·from the record, it is, upon authority, clear that the suit was properly brought in the judicial district where the corporation whose stock is in issue has its principal place of business. Jellenik v. Huron Copper Co., 177 U. S. 1, 20 Sup. Ct. 559, 44 L. Ed. 647. The state statute of Michigan there construed is similar to that obtaining in Code Ga. § 2165.

The defendants the Georgia Southern & Florida Railway Company and Parsons and Edwards and others demur to the bill upon the important ground that since the trustee sued as a defendant was a necessary party plaintiff, and since he is a resident of Georgia,

¶ 1. Diverse citizenship as ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

the proper diversity of citizenship does not exist, and therefore·that the suit cannot be maintained. In view of the superabundant authority upon this and kindred questions, it is not deemed important to state the views of the court in extenso. 15 Enc. Pl. & Prac. 458 et seq.; 22 Enc. Pl. & Prac. 162 et seq.; Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108, 1 Rose's Notes on U. S. Reports, 360–1–2–3. It will be sufficient to observe that, because one trustee refuses to perform the functions devolved upon him by law, this does not absolve the co-trustees from their duties to the trust and its beneficiaries. It is therefore not only their privilege, but their obligation, to bring suit against the wrongdoers, in this case alleged to be a corporation in the state and district where it is incorporated and carries on its business. If the proper diversity of citizenship exists between the trustees suing and the corporation sued, the controversy is wholly between citizens of different states. The recalcitrant trustee is not technically a party to that controversy, and can only be made a party by the process of the court issued to bring him in, in order that his attitude, whatever it may be, or his rights, whatever they are, can be ascertained in one proceeding in accordance with the favorite. doctrine of equity. The real controversy between the actors before the court; being one of which the court would clearly have jurisdiction had there been no refractory trustee, to hold otherwise, would be to permit his inertia or reluctance to defeat access on the part of the vigilant nonresident trustees to that court which is especially intrusted by the Constitution and laws of the United States with the preservation and protection of their trust. That he would have been an indispensable party if the suit was against the trustees, or if it had been for joint misconduct or responsibility, or brought for the diminution of the trust or for its construction, may be conceded. This suit, however, is solely for the enhancement of the trust. He can have no possible motive to resist this unless he be a faithless trustee, or denies the rights of the co-trustees, or is in collusion with the defendants. Whether one or the other be the case, he should be sued as defendant, and there would be the proper diversity of citizenship between the parties to the controversy, and the jurisdiction should be maintained. Hotel Co. v. Wade, 97 U. S. 13, 24 L. Ed. 917.

In the case at bar, however, no imputation is made upon the trustee. From the record it appears that he was merely unwilling to sue. The demurrer is urged by his codefendants to the bill in its present shape. There is no charge of collusive action upon his part in order to confer jurisdiction upon the court. No plea is filed or facts offered to show such collusion. Now, a court of equity will not permit a trust to fail for the want of a trustee; a fortiori, it will not permit the demands of trustees for the preservation of their trust to be defeated because of the indifference or unwillingness or nonaction of a co-trustee. It is true that the court has power to rearrange the parties so that their true attitude with regard to the controversy may be plainly seen, and, if this inevitably defeats the jurisdiction, the court must so declare; but on a demurrer to this bill, in the absence of averment or proof that a defendant is collusively posing

as such, the court will not make him a plaintiff against his will; nor would it take any action to defeat jurisdiction under such circumstances, if that can be avoided, if the actual controversy is plainly seen to be between citizens of different states, and to involve the requisite jurisdictional amount.

There is much greater liberality in the United States courts in equity than in courts of general jurisdiction, in allowing the omission of parties because they are out of the jurisdiction, or incapable otherwise of being made parties, or because their joinder would oust the jurisdiction as to the parties before the court. Mallow et al. v. Hinde, 12 Wheat. 193, 6 L. Ed. 599. This is fully and sufficiently expressed in the forty-seventh equity rule, which has been held to be merely declaratory of the law as announced by the decision of the Supreme Court. Shields v. Barrow, 17 How. 140, 15 L. Ed. 158. Of course, where parties are indispensable, this rule does not apply. Applying this principle, if it were necessary to do so in this case, the court is of the opinion that it would be at liberty to treat the answer of the resident co-trustee as an intervention pro inter esse suo, and, thus retaining jurisdiction, proceed to determination in such manner that all the parties will be bound by the decree.

The demurrer for the nonjoinder of various agents or committeemen who at one time or another handled the shares of stock in dispute, or claims or liens against the defendant corporation in the liquidation of which the shares were issued, is not maintainable. If such persons had interest at any time, they parted with it before the suit was brought, and their presence before the court is therefore not necessary. 22 Enc. Pl. & Prac. 178. No fraud is charged against these intermediaries, in which capacity, solely, it seems that they acted.

In accordance with these views, order will be taken overruling the demurrers.