ATCHISON, T. & S. F. RY. CO. v. PHILLIPS.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1910.)

No. 1,735.

1. COURTS (§ 280*)—FEDERAL COURTS—JURISDICTION MUST APPEAR FROM RECORD.

In the federal courts, the record must show the facts which give the court jurisdiction; otherwise, any proceedings had in the cause are void and of no force.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

2. COURTS (§ 309*)—JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—FORMAL PARTIES.

Plaintiff, as widow, brought an action in the state court to recover for the wrongful death of her husband under the California statute, by which she was the only person entitled to receive the proceeds of any recovery. Defendant removed the cause on the ground of diversity of citizenship, and afterward demurred to the complaint on the ground that it did not show that all of the heirs of deceased were parties as required by Code Civ. Proc. Cal. § 377. The demurrer was sustained, and plaintiff amended by joining the parents of deceased as defendants, on an allegation that they refused to join as plaintiffs and that they had no interest in the action. They were served with process, but made default. *Held*, that they were merely formal parties without interest, and that the fact that they were citizens of the same state as plaintiff did not defeat the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 857; Dec. Dig. § 309.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

3. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL OF REQUESTS.

Where the legal propositions stated in a requested instruction are embraced in the charge given, the refusal of such request is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. § 260.*]

4. DEATH (§ 103*)—ACTION FOR WRONGFUL DEATH—DEFENSE OF CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

Evidence in an action for wrongful death *held* to have justified the trial court in eliminating the question of the contributory negligence of deceased in its charge to the jury.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 141; Dec. Dig. § 103.*]

5. WORDS AND PHRASES—"INTERESTED PARTY."

A party to be "interested" in an action need not be one who may gain or lose something therein. The word has a broad meaning, and includes all those who, as parties, have some control over the action, whether they will be personally affected thereby or not. Thus an administrator, a trustee, or an executor is a real party in interest when he is bringing or defending a suit for the estate which he represents. Such a party brings or defends the suit, employs counsel, and is directly responsible for going on with the litigation.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3702–3706.]

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action by Annie A. Phillips against the Atchison, Topeka & Santa Fé Railway Company and others. Judgment for plaintiff, and defendant railway company brings error. Affirmed.

E. W. Camp and A. H. Van Cott, for plaintiff in error.

J. A. Anderson, W. H. Anderson, and Joseph Scott, for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. This action was commenced in the superior court of Los Angeles county, Cal., by Annie A. Phillips, to recover dam-

ages for the death of her husband, F. C. Phillips, an employé of the defendant railway company. For convenience, the parties will be designated plaintiff and defendant, as they were in the lower court.

The complaint alleges, in substance, that the deceased was, at the time of his death, employed as a conductor on a train belonging to defendant; that while he was engaged in the work pertaining to such employment, riding in the locomotive cab, the defendant carelessly and negligently failed to furnish him with a safe place within which to work; and that on account of such negligence of the defendant an explosion of the boiler of the locomotive occurred, which inflicted injuries upon the said F. C. Phillips, from the effects of which he died.

Upon the petition of defendant, the case was removed, on account of diversity of citizenship to the United States Circuit Court for the Southern District of California. Thereafter, the defendant demurred to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that it was uncertain, in this, that it could not be ascertained therefrom whether or not the plaintiff is the only heir of said F. C. Phillips. The demurrer was sustained on the latter ground; and thereupon the plaintiff amended her complaint by inserting the following paragraph:

"That said F. C. Phillips was the son of the defendants, W. J. Phillips and Mrs. W. J. Phillips; that he was at the time of his death over the age of 21 years; that neither of said last-named defendants was dependent upon him for support nor received any support or assistance from him; that neither of said defendants has any claim or cause of action for damages by reason of his said death against the corporation defendant; and that said two defendants are made parties defendant herein because they do not desire and refuse to join as plaintiffs."

Upon the overruling of the defendant's demurrer to the amended complaint upon the ground that more than one year had elapsed since the cause of action set forth in said complaint had accrued, the defendant answered, denying all negligence on its part, and setting up contributory negligence, the statute of limitations, and the negligence of a fellow servant, as three distinct affirmative defenses. From a verdict and judgment of $10,000 and costs in plaintiff's favor, the defendant prosecutes this writ of error.

The first, and much the most important specification of error is the contention that the lower court had no jurisdiction, because the facts requisite to the taking of jurisdiction do not appear on the record. The general elementary rule is that the record must show the facts upon which the jurisdiction of the United States court is based. If these facts do not appear on the record, the court is without jurisdiction, and any proceedings had in the cause are void and of no force. Re Smith, 94 U. S. 455, 24 L. Ed. 165; Abercrombie v. Dupuis, 1 Cranch, 343, 2 L. Ed. 129; Stevens v. Nichols, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. Ed. 914; Anderson v. Watt, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078; M. C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; Mason v. Rollins, 13 Wall. 602, 20 L. Ed. 527; Robertson v. Cease, 97 U. S. 646, 649, 24 L. Ed. 1057. The defendant's argument is that the judgment against it is of no effect because, the jurisdiction being based on diversity of citizenship, the citizenship of all the

parties does not appear of record. The citizenship of Annie A. Phillips, and of the railway company, the original parties to the suit, appear in the petition of removal, which is part of the record. However, the citizenship of W. J. Phillips and wife, who were brought in the suit by the amended complaint, is not of record. They were not parties to the suit when the petition for removal was filed, and the plaintiff failed to incorporate in her amended complaint any allegations relating to their citizenship. The Supreme Court of the United States has decided time and again that, if the jurisdiction of the court is based on the diverse citizenship of the parties, the diversity must exist between the real, substantial parties to the cause, and that the citizenship of nominal parties or parties who have no real interest in the controversy is immaterial. If the citizenship of such a party cannot affect the court's jurisdiction, it would follow that the failure to allege his citizenship can have no effect. Therefore the question to be determined is whether or not W. J. Phillips and his wife are formal parties within the meaning given to that term by the Supreme Court.

Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108, was an action on an executor's bond brought by a British subject, in the name of the justices of the peace of the county of Stafford, Va., against a citizen of Virginia. The jurisdiction of the Circuit Court of the United States, based on diversity of citizenship, was upheld even though the parties named as plaintiffs in the record were citizens of the same state as the defendant. The court looked back of the nominal plaintiffs to the real party in interest, namely, the alien. In McNutt v. Bland, 2 How. 9, 11 L. Ed. 159, the court said:

"It would be a glaring defect in the jurisprudence of the United States, if aliens or citizens of other states should be deprived of the right of suit on sheriff's bonds in the federal courts sitting in Mississippi, merely because they were taken in the name of the Governor for the use of the plaintiffs in mesne or final process, who are in law and equity the beneficiary obligees. We think this defect does not exist. The Constitution extends the judicial power to controversies between citizens of different states. The eleventh section of the judiciary act gives jurisdiction to the Circuit Courts of suits between a citizen of the state where the suit is brought and a citizen of another state. In this case, there is a controversy between citizens of New York and Mississippi; there is neither between the Governor and the defendants; as the instrument of the state law to afford a remedy against the sheriff and his sureties, his name is in the bond and to the suit upon it, but in no just view of the Constitution or law can he be considered as a litigant party. Both look to things, not to names—to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them, in virtue of some positive law."

And again, the court said:

"That where the real and only controversy is between citizens of different states, or an alien and a citizen, and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had, any interest in or control over it, the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before them exists."

In Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122, the court quoted with approval the following language of Judge Blatchford, who was then a United States District Judge:

"The directors and treasurer are therefore not real parties to the suit, but merely nominal parties. No personal demand is made against any one of them, nor is any personal accounting asked from any one of them, and it is only in his relation to the company, and in the official position that he occupies toward the company, that any one of them is made a party. * * * This view is conclusive to show that the entire real controversy in both suits, so far as it is shown by the prayer of the complaints, and which is the only guide the court can have, is between the plaintiff on one side and the company, as a corporate body, on the other. The plaintiff cannot, by joining as nominal defendants with the corporation persons who are citizens of the same state with the plaintiff, deprive the corporation of any right which it would otherwise have in respect to removing the cause into this court." Sioux City Terminal R., etc., v. Trust Co., 82 Fed. 124, 27 C. C. A. 73; Foss v. First Nat. Bank (C. C.) 3 Fed. 185; Watson v. Bonfils, 116 Fed. 157, 53 C. C. A. 535; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, 27 L. Ed. 69.

In Wood v. Davis, 18 How. 467, 15 L. Ed. 460, the court said:

"The ground upon which the cause was remanded is that four of the defendants were citizens of Illinois, namely, Stahl and Foster and Hooper and Campbell—the same state of which the complainant was a citizen. And this presents the question whether or not these defendants were parties in interest in the subject of the litigation, or, in other words, were proper or necessary parties in the suit. It has been repeatedly decided by this court that formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal court of jurisdiction, if the citizenship or character of the real parties be such as to confer it, within the eleventh section of the judiciary act. [Russell v. Clark's Ex'rs] 7 Cranch, 98 [3 L. Ed. 271]; [Strawbridge v. Curtiss] 3 Cranch, 267 [2 L. Ed. 435]; [Wormley v. Wormley] 8 Wheat. 421 [5 L. Ed. 651]; [Browne v. Strode] 5 Cranch, 303 [3 L. Ed. 108.]"

A careful examination of the opinions of the Supreme Court tells us that on this subject great importance attaches to the word "interest." Have the parties a real interest in the cause? It is conceded, as of course, that if they have, they are real parties, and the question of their citizenship is essential. A party to be "interested" in an action need not be one who may gain or lose something therein. The word has a broad meaning, and includes all those who as parties have some control over the action, whether they will be personally affected thereby or not. Thus, an administrator, a trustee, or an executor is a real party in interest when he is bringing or defending a suit for the estate which he represents. Such a party brings or defends the suit—employs counsel —and is directly responsible for going on with the litigation. Chappedelaine v. Dechenaux, 4 Cranch, 306, 2 L. Ed. 629; Childress v. Emory, 8 Wheat. 642, 5 L. Ed. 705.

Stewart v. Baltimore & Ohio R. R. Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, was a case in which the administrator was not a real party to the suit. There, however, the administrator was not acting for the estate, and standing in the shoes of the intestate, as the suit was really brought in his name for the benefit of the widow. The statute gave the widow a right to recover damages for the wrongful killing of her husband, but it said that the action must be brought through or in the name of the personal representative. The situation was the same as though the statute read that the damage must be recovered in an action in the name of the state, or the Governor or any one else. The personal representative had no control over the suit—the widow alone had, and received all the proceeds. If the administrator had been

suing on the same cause of action in favor of the estate, he would have been the real plaintiff. Under such conditions, he would have had absolute control of the suit and be responsible on his bond for any culpable negligence on his part in relation thereto. In Stewart v. Baltimore & Ohio R. R. Co., supra, the court said:

"For the purposes of jurisdiction in the federal courts, regard is had to the real, rather than the nominal, party."

And the court further said that:

"This is an action for a tort, but still in such an action it is evident that the real party in interest is not the nominal plaintiff, but the party for whose benefit the recovery is sought."

The principle, that the parties whose citizenship is important are those who have a tangible interest in the controversy or exercise some control over it, is illustrated by the case of the United States Fidelity Co. v. Kenyon, 204 U. S. 349, 27 Sup. Ct. 381, 51 L. Ed. 516. That was an action brought in the name of the United States for the benefit of materialmen and laborers on bonds given in pursuance of certain acts of Congress. The court said:

"The United States is not here a merely nominal or formal party. It has the legal right, was a principal party to the contract, and, in view of the words of the statute, may be said to have an interest in the performance of all its provisions. It may be that the interests of the government, as involved in the construction of public works, will be subserved if contractors for such works are able to obtain materials and supplies promptly and with certainty. To that end, Congress may have deemed it important to assure those who furnished such materials and supplies that the government would exert its power directly for their protection. It may well have thought that the government was under some obligation to guard the interests of those whose labor and materials would go into a public building."

From these cases, it is seen that the Supreme Court looks to the real interest which a party has in the controversy in determining whether he is a real party or only a formal one. There may seem to be some conflicts as to what is a real interest, but, in asserting the principle itself, there is uniformity of decision. Now, have the defendants W. J. Phillips and wife any real interest in the cause before the court? The very allegations of the amended complaint set forth that they have no interest and were joined as defendants because they would not join as plaintiffs. Why should they join as plaintiffs? They had no claim whatever against the railway company, and to bring suit would only involve them in useless expense and worry. But, it is urged that the law of California (section 377 of the California Code of Civil Procedure) requires that all the heirs be made parties to a suit brought by any of the heirs to recover damages for the wrongful death of an ancestor. We think, though, that notwithstanding the requirement of a statute that suit shall be brought in the name of certain persons or that certain persons shall be parties thereto, it does not necessarily make such persons real parties in interest in the controversy. Even though the statute make it obligatory that certain parties shall be before the court—they may be indispensable, in that no right of action can be prosecuted without them—yet they may, at the same time, be merely nominal or formal parties. They must be brought into the

suit, yet they have no interest in or control over it., Being without actual interest, it is scarcely conceivable that their citizenship can affect the court's jurisdiction, for no controversy exists between them and any one else in the action. Here, W. J. Phillips and his wife have no interest in or control over this case. They were served with process, but made no appearance of any kind. They had nothing to gain or to lose by making an appearance, for they had no interest of any nature in the action, except. perhaps, a natural hope that their daughter-in-law might succeed therein. They were in an analogous position to that of the administrator in the case of Stewart v. Baltimore & Ohio R. R. Co., supra.

This action should have been brought by all the heirs for the benefit of those who suffered injury, but by virtue of another statute of the state of California—section 382 of the Code of Civil Procedure—the heirs who had a cause of action could bring in the others as defendants if they refused to come in as plaintiffs. In this way, the defendants, W. J. Phillips and wife, were brought in. Their presence in the action was necessary and proper only because the real parties could not prosecute the action without them—at least if the defendant made seasonable objection. But the fact still remains that they had no interest whatever in the cause, either beneficial or detrimental, nor did or could they have had any relation, other than a nominal one, to the cause of action.

Einstein v. Georgia Southern, etc., Co. (C. C.) 120 Fed. 1008, was a case where two of three trustees brought suit against a corporation in the Circuit Court for the district of Georgia, basing the jurisdiction of the court on diversity of citizenship. The third trustee, however, being a citizen of the same state as the defendant, and refusing to join as plaintiff, was joined as a defend: .t. The defendant corporation demurred to the bill on the ground that the third trustee was a necessary party plaintiff, and therefore the controversy was not wholly between citizens of different states. The court held, however, that the third trustee was not a real party to the controversy, but was only made a party in order that the rights of all interested parties might be determined in one proceeding. The demurrer was overruled, the court saying:

"If the proper diversity of citizenship exists between the trustees suing and the corporation sued, the controversy is wholly between citizens of different states. The recalcitrant trustee is not technically a party to that controversy, and can only be made a party by the process of the court issued to bring him in, in order that his attitude, whatever it may be, or his rights, whatever they are, can be ascertained in one proceeding in accordance with the favorite doctrine of equity. The real controversy between the actors before the court, being one of which the court would clearly have jurisdiction had there been no refractory trustee, to hold otherwise, would be to permit his inertia or reluctance to defeat access on the part of the vigilant nonresident trustees to that court which is especially intrusted by the Constitution and laws of the United States with the preservation and protection of their trust. That he would have been an indispensable party if the suit was against the trustees, or if it had been for joint misconduct or responsibility, or brought for the diminution of the trust or for its construction, may be conceded. This suit, however, is solely for the enhancement of the trust. He can have no possible motive to resist this unless he be a faithless trustee, or denies the rights of the co-trustees, or is in collusion with the defendants. Whether one or the other

be the case, he should be sued as defendant, and there would be the proper diversity of citizenship between the parties to the controversy, and the jurisdiction should be maintained. Hotel Co. v. Wade, 97 U. S. 13, 24 L. Ed. 917."

In Ban v. Columbia Southern Ry., 117 Fed. 21, 54 C. C. A. 407, plaintiff and another contracted as partners to do certain work as subcontractors. By a contract between themselves, previously made and known to the principal contractor, it was agreed that the plaintiff should furnish the materials and do the work, accounting to his associate only for a share of the net profits of the contract. After the completion of the work, plaintiff brought suit in a federal court to enforce a mechanic's lien, filed in the name of the partnership, for the balance due under the contract, alleging such facts in his bill and that no net profits were earned under the contract. This court said:

"The question then arises whether or not the suit can be tried, heard, and determined without the presence of Seaman. He has no interest whatever in the suit. Mason, who sublet the contract to Ban and Seaman, knew that Seaman's interest was conditional upon profits being received. Ban was to do the work, receive and disburse the money, and, if there were any profits, Seaman was to have one-half thereof. There are no profits. Why, then, is it necessary to make Seaman a party complainant herein, when the only effect his presence would have would be to defeat the jurisdiction of the court? It affirmatively appears from the averments in the amended bill that none of the parties to the suit could possibly be injuriously or prejudicially affected by having the suit maintained by Ban, who is the real party in interest, as complainant herein. The whole subject-matter of the suit could be determined without Seaman being brought in, and settled with justice to all parties concerned, without detriment or prejudice to either. Complainant had the right to allege the facts showing the relations which Seaman had with the subject-matter of the suit, that he had no interest therein, and was not an indispensable party thereto. If brought in, he would only be a nominal party."

The case of Delaware County v. Diebold Safe Co., 133 U. S. 473, 10 Sup. Ct. 399, 33 L. Ed. 674, was an action brought against one party to a contract by an assignee. The court said:

"It was further objected that the assignors were necessary parties to the suit, because they had assigned to the plaintiff part only of their original contract with the defendant; and because of the statutes of Indiana, while they require every action arising out of a contract to be prosecuted by the real party in interest, provide that 'when any action is brought by the assignee of a claim arising out of a contract, and not assigned by indorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action.' Rev. St. Ind. 1881, §§ 251, 276. But this objection was rather to the nonjoinder of defendants than to the jurisdiction of the court, and presented no valid reason why the court should not proceed. The assignors were not parties to the suit at the time of the removal into the circuit court; and as soon as they were made parties in that court, they disclaimed all interest in the suit; and as no further proceedings were had, or relief sought or granted, against them, their presence was unnecessary."

That case resembles this in that in both the statutes prescribed that certain persons should be made parties whether they have any interest in the controversy or not. The court distinctly held that such parties who are brought into a suit by virtue of a statute and who disclaimed any interest therein were not parties whose citizenship could have any effect on the jurisdiction of the federal court. It is true that defendants W. J. Phillips and wife did not file a disclaimer, but when we consider that they were brought into the controversy as parties de-

fendant after the United States Court had taken jurisdiction and after it was alleged by the amended complaint that they had no interest whatever in the cause, their failure to appear and answer was an admission of the truth of the allegation relating to their lack of interest. So, without extending the discussion farther, we hold that there was jurisdiction in the circuit court, and that the case is properly before this court.

Error is assigned because the court refused to give an instruction requested by the defendant to the effect that it was not sufficient for the jury to find that the locomotive was not safe, but it must also be found that the defendant failed to use reasonable care in providing the locomotive for use of the deceased; that defendant is not an insurer of the safety of its employés, but has performed its legal duty if it exercised reasonable care to provide a safe locomotive for the use of the deceased. As the propositions included in the requested instruction were explained and embraced in the charge which the court gave, it was not necessary to repeat them in special instructions asked by either party. Rio Grande Western Railway v. Leak, 163 U. S. 280, 16 Sup. Ct. 1020, 41 L. Ed. 160.

Defendant asks a reversal because the court told the jury that there was no proof of contributory negligence and that they need not consider that defense. It is unnecessary to state the testimony; but, after a careful reading of it, we are satisfied that the court was justified in its ruling, for the reason that there was not enough evidence from which contributory negligence could have been reasonably inferred. Under the pleadings and instructions, whether or not the boiler of the locomotive burst because of low water, combined with a defective boiler, was immaterial so far as the deceased conductor was concerned, unless, when he was riding in the cab at the time of the explosion, he knew, or ought to have known, that there was not enough water in the boiler to make the locomotive safe to remain upon. But there was no direct or circumstantial evidence which warranted any reasonable inference that deceased knew or ought to have known of any such possible condition of the water. The fact that he had his hand on the top of the gauge cock, steadying or amusing himself just before the explosion of the boiler, was not sufficient, of itself, to prove negligence, unless there were other facts or circumstances which, when taken in connection with such conduct or position, tended to show lack of ordinary care on his part which directly contributed to his death. There were none such; hence the case became one where the court properly held, as a matter of law, that defendant had failed to sustain its allegations of contributory negligence, and properly told the jury to confine their deliberations to a consideration of the evidence in support of the issues submitted to them.

Judgment affirmed.