**3**

**May BERG and Frederick C. Raichley, Plaintiffs in Error, v. Harry J. MERCHANT et al., Defendants in Error.**

(Circuit Court of Appeals, Sixth Circuit. January 14, 1927.)

No. 4610.

On Application for Rehearing.

For former opinion, see 15 F.(2d) 990.

I. J. Ringolsky, of Kansas City, Mo., and Harold W. Fraser, of Toledo, Ohio (Ringolsky, Friedman & Boatright and Johnson & Lucas, all of Kansas City, Mo., Wm. P. Maloney, of Marion, Ohio, and Fraser, Hiett, Wall & Effler, of Toledo, Ohio, on the briefs), for plaintiffs in error.

John H. Bartram and Fred E. Guthery, both of Marion, Ohio (John H. Bartram, J. H. Eymon, Mouser, Young & Mouser, and Guthery, Strelitz & Guthery, all of Marion, Ohio, on the brief), for defendants in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. An application for rehearing insists that our opinion is in direct conflict with that of the Ninth Circuit Court of Appeals, in Atchison Co. v. Phillips, 176 F. 663. On the contrary, we think a comparison of the two opinions discloses no fundamental conflict, and serves to emphasize the point upon which our opinion is intended to rest. The Atchison Case does hold that where a state statute creates a right of action and a remedy by suit, and directs that in such suit all persons of a certain class shall be made parties, the persons so specified, though they may thereby become proper or even necessary parties, do not for that reason alone become so indispensable that their presence on the record will affect federal jurisdiction by diverse citizenship, and holds that, if in the particular case they have no real interest, they need not be aligned with the party whose interest is similar to that which these specified persons might have under other circumstances. The present case furnishes us no occasion for doubting this rule, thus broadly stated. The Atchison Case was a suit brought by a widow, under favor of the California statute, for damages arising from the negligent killing of her husband. The California statute required that all heirs be made parties to a suit brought by any of the heirs to recover damages for such death. The father and

mother of the deceased were thought to be heirs within the meaning of this statute, but it was distinctly held that, since they had not been dependent upon their son, they had no right to recover any damages, and they were therefore without substantial interest in the action brought by the widow; and under these circumstances it was decided that their presence in or absence from the record was immaterial to the federal jurisdiction. The difference between that situation and the present one is that there the father and mother would have no real interest, as heirs, in the subject-matter, unless specific individual damage existed, while here all heirs, as heirs, are deeply interested in the question whether the will shall be sustained or set aside. True, they would not be bound by a judgment to which they were not parties, and in that sense they lack a formal interest in the action which has been brought; but their real interest in the controversy is very substantial.

These considerations fortify our conclusion that the Ohio statute made the bringing in of all the heirs one of the conditions which the state attached to its grant of the right to bring an action to set aside the will. It might well be thought intolerable to have the same will adjudged valid as against some heirs, invalid against others, and unsettled as against still others. Hence the provision that, if any heir wished to contest a prima facie probate, he might bring a suit, but upon the condition that he make parties all persons who could bring similar actions, and that he thus secure a judgment binding all. No such conditions seem inherent in the California situation. There would be some reason, in the interest of the defendant in such damage cases, for requiring all persons who might have claims to join in one action, but no such general public interest in order to avoid confusion of titles and an unsettled probate situation, as exists appertinent to the Ohio statute; and hence no such reason for concluding that the requirement is an essential condition rather than a procedural direction.

The rehearing is denied.