FRANCIS R. MILLS, *et al.*, v. NORMAN G. HAMILTON, as Executor of the Estate of Mary C. East, deceased.

163 So. 857.
Opinion Filed October 22, 1935.
Rehearing Denied November 9, 1935.

---

436

*Leon J. C. Harton,* for Appellants.

*Charles E. Booth,* for Appellee.

BUFORD, J.—The appeal here brings for review final decree in proceedings to foreclose a mortgage instituted and maintained by the Executor of the estate of the mortgagee.

It is contended that the bill was without equity because the executor was not the owner and holder of the mortgage and was not the real party at interest and, therefore, the bill should have been dismissed.

There is no contention that the complainant was not the executor of the last will and testament of Mary C. East which had been probated. It is contended by the appellants that under the terms of the will Ruth Anderson and Hattie Hanby of Lexington, Kentucky, became the owners of the mortgage and that the title to the same passed to them on the occurrence of the death of Mary C. East and that for this reason the mortgage did not become an asset in the hands of the Executor.

Reference to the will discloses that Item 4 of the will was in part as follows:

"FOURTH,

"To Mrs. J. P. Meadows of Cochran, Ga.; Margaret Meadows Reeves of Cochran, Ga.; Evelyn Thompson and Helen Thompson of 428 Columbia Avenue, Lexington, Ky.;

I give, devise and bequeath my apartment house located at 231 North Coates Street, Daytona Beach, Florida, together with the furnishings therein, same to be sold for cash and proceeds to be divided equally among the four legatees above mentioned.

"My house located at 408 North Grandview Avenue, Daytona Beach, Florida, together with the furnishings, I give, devise and bequeath in equal portions to the following: Rhodes Thompson, Toronto, Canada, Ryan Thompson, Lexington, Ky.; Sherley Fisher, Huntington, W. Va.; Cardwell Ryan, Blackburn Ryan, Junior; and Hazel Ryan of Cincinnati, Ohio; same to be sold by my executor if deemed practical and proceeds to be equally divided among the legatees, devisees, above mentioned.

"My equity of the first mortgage of the Francis Mills home in Hillcrest Subdivision of Daytona Beach, Florida, I give devise and bequeath to Ruth Anderson and Hattie Hanby of Lexington, Ky."

It will be seen from the above language that the contention of the appellants is based in the first place on a false premise. The mortgage itself was not bequeathed to the named beneficiaries, Anderson and Hanby, but only the "*equity* of the mortgage." Under the terms of the will and the law applicable thereto, it became the duty of the executor in his respective capacity to collect the debt secured by the mortgage and disburse the proceeds as directed in the will.

Whether or not it would have likewise been his duty as executor of the estate, to foreclose the mortgage if the will had devised it as a portion of the personal property to the named devisees, is not necessary for us to determine here.

It is well settled that at the death of the owner of any personal property the title thereto vests in his personal rep-

resentative is entitled to the possession of the same. Redfern's Wills and Administration of Estates in Florida, Sec. 267, page 434. It is the duty of the Administrator to collect all indebtedness due the estate. Redfern's Wills and Administration of Estates in Florida, page 435. See also 24 C. J. 795, Sec. 1979; 24 C. J. 795, Sec. 1980; Platt v. Miller, 72 Fla. 92, 72 So. 482. See also Sec. 8, 1931 Chancery Practice Act.

The only other question presented which we deem to require comment is that in the answer to the bill of complaint the defendants' denied that the mortgage was executed or acknowledged by the defendant, Bonnie O. Mills, before a notary public authorized to take acknowledgments. The answer did not allege that the property purported to be covered by the alleged mortgage was the homestead of the defendants. The evidence, however, shows that it was. The question as to whether or not Mrs. Mills appeared before the notary public and acknowledged the execution of the mortgage in the manner and form certified to by the notary public was determined by the Chancellor adversely to Mrs. Mills. The certificate of the notary public is record or presumptive evidence of the fact that the acknowledgment was taken as therein stated and may be considered by a court as such, although the jurisdiction of the notary public to take the acknowledgment has been denied. It then becomes a fact for the court to determine whether or not the record or presumptive evidence of the certificate is overcome by evidence to the contrary. See Smith v. McEwin (Fla.) 161 So. 68. The Chancellor appears to have applied this rule and arrived at the conclusion that the *prima facie* validity of the acknowledgment was not overcome by the vacillating testimony of witnesses to the contrary. Where there is substantial evidence to support the Chancellor's

finding it should not be disturbed on appeal. Things that are recognized in law as record or presumptive evidence of a fact constitute substantial evidence of that fact.

Other questions presented have been examined and considered with the result that we find no reversible error.

The decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, and DAVIS, J. J., concur.