TWIGG et al. v. FLYNN et al.
No. 1085 J.

District Court, S. D. Florida,
Jacksonville Division,
Oct. 3, 1946.

Cushman & Woodard, of Miami, Fla., for plaintiffs.

H. Reid Prewitt, Francis C. Bryan, and Howe & Clay, all of Mt. Sterling, Ky., for defendants.

STRUM, District Judge.

This is an action by two estranged stepdaughters to establish themselves as sole heirs at law of their deceased stepfather, Thomas W. McIlvain, who died intestate leaving an estate in Florida of about $45,000.

The complaint alleges an executory oral contract for the formal adoption of plaintiffs, made between the stepfather and the mother of plaintiffs in consideration of the mother marrying decedent some nine years prior to his death. Plaintiffs allege that they fully performed and consummated the contract of adoption on their part, but that decedent during his lifetime failed to fulfill his promise to formally adopt them. Plaintiffs seek specific performance of the alleged oral contract. Cf. Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417. The defendants are the administrator of decedent's estate, appointed in Florida, and other persons who are alleged to be decedent's statutory heirs at law. The suit was instituted in a Florida State Court and removed here by the non-resident defendants. Plaintiffs now move to remand because diversity of citizenship is lacking.

According to the allegations of the complaint, the plaintiff Virginia E. Twigg is a citizen and resident of Dade County, Florida. The defendant Charles E. Flynn, who is administrator of the estate of Thomas W. McIlvain, is also a citizen and resident of Florida. The remaining defendants, alleged to be statutory heirs of the decedent, are all residents of a State other than Florida.

The estate left by the decedent, which is the subject matter of this controversy, consists not only of real property, title to which under the laws of Florida descends directly to the heirs at law, but also includes personalty consisting of certain choses in action and tangible personalty, title to which passes to the administrator. The administrator also has the right to possession of real as well as personal property of the decedent, and the rents, income and profits therefrom, and of the proceeds arising from sale, lease, or mortgage thereof. All such property, and the rents and income thereof, are assets in the hands of the administrator for the payment of debts, taxes, expenses of administration, and particularly for distribution to the heirs at law. See Sec. 733.01, Fla.Stat.Annotated 1944. In effect, he is the trustee of an express trust. These duties, especially the duty of ultimate distribution, will be materially affected by the outcome of this case.

The administrator is therefore not merely a formal party. He is a necessary and interested party. A party to be "interested" in an action need not be one who may gain or lose something therein. The word has a broad meaning, and includes all those who as parties have some control over the action, whether they will be individually affected thereby or not. Thus, an administrator or executor is a real party in interest when he is bringing, or, as here, defending, a suit for the estate which he represents. Atchison, T. & S. F. Ry. Co. v. Phillips, 9 Cir., 176 F. 663.

The defendant administrator's citizenship is therefore material in determining the question of diversity on which the jurisdiction of this court here depends. As the administrator is a citizen of Florida, as is also one of the plaintiffs, the requisite diversity of citizenship is lacking and this is.

fatal to jurisdiction here. American Bible Society v. Price, 110 U.S. 61, 3 S.Ct. 440, 28 L.Ed. 70; Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233, 77 A.L.R. 904, and annotations, page 911, et seq. See Moore's Federal Practice, sec. 17.03, note 8.

Motion to remand granted.