BOYER, Chief Judge.
An initial chronological recitation of the undisputed facts in this case will facilitate an understanding of the points of law raised by the parties. Dates are important.
James Creary died on December 31,1949. At the time of his death James Creary owned and lived on a homestead, the title to which was in his name only. The parties agree that the property was clearly homestead. James Creary was survived by a widow, Mary C. Creary, and three children, one of whom was William Clifford Creary.
On December 7, 1947, approximately two years prior to the death of James Creary, Mabel 0. Creary (appellant here) married William Clifford Creary and their marriage continued until the death of William Clifford Creary on April 7, 1969.
On February 6, 1950, after the death of James Creary, his three children, all sui juris, conveyed to their mother, Mary C. Creary, their interests in the homestead of their father. The deed was prepared by an attorney who was acquainted with the family, but who was unaware that William was married to Mabel. As a result, the attorney prepared the deed for the signatures of William and his former wife, Lillian Creary, who signed the deed as the wife of William. No fraud nor other intentional wrongdoing is alleged nor suggested.
It is clear, therefore, that upon the death of James a life estate in his homestead vested in his widow, Mary, with the remainder to his children. The conveyance by the children, including William, to their mother, Mary, vested in her (Mary) their interests, unless prevented by the failure of Mabel to join in the conveyance by her husband, William. Thus, the first point to be resolved:
Appellant urges that since she did not join in the deed by her husband, William, to his mother, Mary, she continued to have an inchoate right of dower in his one third remainder interest which vested upon the death of William on April 7,1969, citing F.S. 731.34, F.S.1969, which provides in material part as follows:
“Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one third in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow’s dower shall be free from liability for all debts of *28 the decedent and all costs, charges and expenses of administration; . .
William’s estate was administered in Bay County. Mabel, being unsatisfied with her share, elected to take dower on August 11, 1970, filing same in the Bay County probate proceeding. Apparently the election was within the time permitted by F.S. 731.35(1), F.S.1969. (We say “apparently” because the record-on-appeal and briefs are silent.)
Appellee claims that F.S. 731.34 has no application to a remainder interest in real property, and further that in order for an inchoate right of dower in property to mature into a vested interest the decedent must have actually been seized and possessed of the property during his lifetime, citing Walker v. Close, 98 Fla. 1103, 125 So. 521 (1929), rehearing denied 98 Fla. 1103, 126 So. 289. However, the statute which was the basis for the holding in that case has since been amended. The change is succinctly discussed in Redfearn, Wills, Florida, Sec. 1902, Statutory Modification, wherein it is said:
“Seizen of a legal title, which was necessary to the perfection of a freehold estate at common law, was qn essential requisite to the right of dower, for a widow was not entitled to dower in lands to which her husband held only an equitable title. This rule of the common law, that the husband must be seized and possessed of the legal title to real estate in order for the wife to have a right of dower therein, was made the law of Florida by the act of the legislative council of November 7, 1828. This continued to be the rule of law in Florida until the Probate Act of 1933, which made seizen of the legal title unnecessary. Under Florida law, the widow’s right to dower vests in all property ‘owned’ by her husband, by any title, legal or equitable, at the time of his death, and in all real estate conveyed by him during his lifetime in which she has not released her dower.”
We accordingly conclude that at the time of the death of William, his wife, Mabel, was entitled to claim as dower one third of William’s undivided one third remainder interest in his father’s homestead, which had been conveyed without Mabel’s joinder. We therefore decide the first point in favor of appellant.
The trial judge held appellant’s claim to have been barred by F.S. 95.22, F.S.1969 and F.S. 95.23, F.S.1969.
F.S. 95.22, F.S.1969, provides:
“When any person owning land, or any interest in lands in Florida, shall die, and a conveyance or conveyances shall be made by one or more of his or her heirs or devisees purporting to convey either singly or in the aggregate the entire interest of the deceased in such lands, or any part thereof, or the entire title thereto, then no person shall after seven years from the date of the record thereof, in the county where the lands lie, claim or recover the whole, or any part, of the real estate so conveyed.”
F.S. 95.23, F.S.1969, provides:
“After the lapse of twenty years from the record of any deed or the probate of any will purporting to convey lands no person shall assert any claim to said lands as against the claimants under such deed or will, or their successors in title. “After the lapse of twenty years all such deeds or wills shall be deemed valid and effectual for conveying the lands therein described, as against all persons who have not asserted by competent record title an adverse claim.”
Appellant contends that the trial court erred because under the strict construction accorded curative acts there must exist a cause of action before a curative act may destroy it. (See Curative Acts and Limitations Acts Designed to Remedy Defects in Florida Land Titles — IV by Dr. James W. Day, 9 U. of F.L.R. 145 (1956))
Appellant is correct. (See Reed v. Fain, Fla.Sup.Ct.1962, 145 So.2d 858; Wagner v. Moseley, Fla.App.2d 1958, 104 So.2d 86; Curative Acts and Limitations Acts Designed to Remedy Defects in Florida Land Titles — IV, supra)
Appellant had no cause of action to be extinguished until 1969. She filed her *29 election in 1970. She was not barred by either of the above mentioned statutes. Neither is Chapter 712, Florida Statutes 1973 applicable. (See Marshall v. Hollywood, Inc., Fla.Sup.Ct.1970, 236 So.2d 114 and Reid v. Bradshaw, Fla.App. 1st 1974, 302 So.2d 180)
Finally, appellee, by cross appeal, asserts that appellant is caught in a procedural trap and that the trial judge erred in not granting appellee’s motion to dismiss.
As already recited, William’s estate was administered in Bay County. The property here involved is located in Walton County and Mary’s estate was administered there. After filing her election to take dower on August 11, 1970, in William’s estate in Bay County, appellant filed a petition for assignment of dower on July 28, 1971 in Mary’s estate in Walton County. At a hearing on the latter petition the county judge of Walton County denied the petition and this Court on appeal affirmed per cu-riam. (Creary v. Creary, Fla.App. 1st 1973, 277 So.2d 540)
On June 18,1973, appellant filed a proceeding pursuant to F.S. 733.11(2), F.S. 1969, in Walton County and filed therein a petition for assignment of dower together with a copy of the election to take dower which she had theretofore filed in Bay County. Appellee filed a motion to dismiss the petition on the ground that no instrument had been filed of record in the Office of the Clerk of the Circuit Court of Walton County as required by F.S. 731.35(4), which statute became effective January 1, 1972. The latter statute provides in material part:
“Whether or not her husband’s estate is administered, dower of a widow of any man who dies prior to October 1, 1973, shall be barred in any real property conveyed by her husband before his death and without her relinquishment of dower, unless within three years after her husband’s death she files for record with the clerk of the circuit court for the county where the real property is located an instrument describing the property * * * ft
The learned trial judge denied that motion to dismiss: In so ruling he was eminently correct. Generally speaking, a statute will not be construed to operate retrospectively unless a legislative intent of retrospective operation clearly appears in the statute. There is nothing in F.S. 731.35(4) to indicate any such intent. Appellant’s right to have dower assigned accrued and vested when she filed her election on August 11, 1970. There is no limitation of time provided for the filing of a petition for assignment of dower in either F.S. 733.10, F.S.1969, nor F.S. 733.11, F.S.1969. We do not construe F.S. 731.35(4) to require recordation of the instrument therein provided in relation to property in which dower was claimed by appropriate proceedings prior to the effective date thereof.
Appellant also calls to our attention the general rule that failure to record an instrument has no effect upon parties having actual knowledge of that information which the instrument would purport to reveal if recorded. However, we do not find it necessary to meet that contention in this case because of our determination that the statute operates prospectively.
Affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent herewith.
McCORD, J., and LEE, THOMAS E., Associate Judge, concur.