342 So.2d 130 (1977)
Kemberely R. TENOPIR, Appellant,
v.
Carl Thomas BOLES ESTATE, Appellee.
No. CC-53.
District Court of Appeal of Florida, First District.
February 11, 1977.
David W. Palmer, II, Crestview, for appellant.
Ferrin C. Campbell, Sr., Crestview, for appellee.
McCORD, Judge.
On the petition of Opal Elaine Vance, as mother and as next friend of Kemberely Renee Tenopir, a minor, for determination of heirs in the estate of Carl Thomas Boles, the court granted summary judgment, ruling that the decedent was not the father of the aforesaid minor child, and the child was therefore not an heir of the estate. This is an appeal from the summary judgment.
It was stipulated by the parties that the child was not born of a lawful marriage between Opal and the deceased. The court found Sarah Nell Boles and Brady Boles to be the natural mother and natural father respectively of the deceased and entitled to inherit the entire estate, which consists of $100 cash and $10,000 proceeds from an insurance policy. The court grounded its ruling against appellant entirely on her failure to produce a written acknowledgment of the decedent, signed in the presence of a competent witness, that he fathered the aforesaid child. Appellant contends that the determination of parentage in this cause is governed by the new probate code which repealed the old code of which § 731.29, Fla. Stat. 1973, was a part; that now under § 732.108, Fla. Stat. 1975, (the new code) no written acknowledgment of parentage is necessary; that the probate court *131 should have recognized § 732.108, Fla. Stat. 1975, as the statute under which such determination should be made rather than repealed § 731.29, Fla. Stat. 1973; that the court erred in entering summary judgment since there are material issues of fact on the question. We agree and reverse.
The decedent, Carl Thomas Boles, died from an accident on September 29, 1973. The minor child, Kemberely, was born several months previously on May 4, 1973. At the time of decedent's death, § 731.29, Fla. Stat. 1973, (of the old probate code) was in effect and provided in pertinent part as follows:
"(1) Every illegitimate child is an heir of his mother, and also of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father. Such illegitimate child shall inherit from his mother and also, when so recognized, from his father, in the same manner as if the child had been born in lawful wedlock. However, such illegitimate child does not represent his father or mother by inheriting any part of the estate of the parents' kindred, either lineal or collateral, unless his parents have intermarried, in which event such illegitimate child shall be deemed legitimate for all purposes."
Appellant's petition for determination of heirs was filed on April 8, 1975, and the summary judgment appealed from was entered on February 24, 1976. The new Florida Probate Code, which became effective on January 1, 1976, repealed the old code with certain exceptions mentioned in § 731.011, Fla. Stat. 1975, which will be subsequently discussed. The appropriate statute under the new Code, § 732.108 provides in pertinent part as follows:
"Adopted persons and persons born out of wedlock. 
(1) * * *
(2) For the purpose of intestate succession ... a person born out of wedlock is a lineal descendant of his mother ... The person is also a lineal descendant of his father ... if;
(a) * * *
(b) The paternity [of the father] is established by an adjudication before or after the death of the father."
The foregoing statute succeeds § 731.29 of the old code, and it is readily seen that under the new statute no written acknowledgment of the child by the father is required to prove parentage. Therefore, if the new statute is applicable to the determination in this case, the trial court erred in granting summary judgment predicated upon the repealed provision of the old statute.
To determine the applicable statute, we must consider § 731.011, Fla. Stat. 1975, (the new code) which provides as follows:
"Determination of substantive rights; procedures.  The Florida Probate Code shall become effective on January 1, 1976. The substantive rights of all persons that have vested prior to January 1, 1976, shall be determined as provided in former chapters 731-737 and chapters 744-746 as they exist prior to January 1, 1976. The procedures for the enforcement of substantive rights that have vested before January 1, 1976, shall be as provided in this code."
Appellees contend that the substantive rights of decedent's heirs vested at the time of his death and, therefore, § 731.011, Fla. Stat. 1975, requires that the determination of heirs be adjudicated under the provisions of the old probate code. We disagree. While title to realty vests in the heirs at the time of decedent's death [Creary v. Estate of Creary, 338 So.2d 26 (Fla. 1 DCA 1976)] and title to personalty vests at such time in the administrator of the estate [Mills v. Hamilton, 121 Fla. 435, 163 So. 857 (1935)], our concern here is with the vesting of the right of alleged heirs to receive property of the estate under the law of descent and distribution. Such right obviously cannot vest in an alleged illegitimate child until it is determined that such child is a child of the decedent. Likewise, the rights of heirs whose inheritance will be affected by or dependant upon the result of that determination cannot vest until the determination is made. Since the determination in this *132 case was made (the summary judgment was entered) after the new probate code became effective, the trial court erred in making the determination under the old law rather than under the new.
REVERSED.
BOYER, C.J., and MILLS, J., concur.