**Gilane C. SERSTED, Plaintiff,**

v.

**MIDLAND–ROSS CORPORATION, an Ohio Corporation and American Can Company, a New Jersey Corporation, Defendants.**

No. 79–C–182.

United States District Court,
E. D. Wisconsin.

May 14, 1979.

Jean Seaburg, Habush, Gillick, Habush, Davis & Murphy, S.C., Milwaukee, Wis., for plaintiff.

James R. Clark and Ronald M. Wawrzyn, Foley & Lardner, Milwaukee, Wis., for defendant Midland-Ross Corp.

Thomas L. Smallwood, Borgelt, Powell, Peterson & Frauen, S.C., Milwaukee, Wis., for American Can.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This is a civil action originally commenced by plaintiff in state court. On the petition of defendant Midland-Ross Corporation (Midland), this action was removed to federal court. Plaintiff has petitioned for remand, pursuant to 28 U.S.C. § 1441(a), because defendant American Can Company (American) failed to join in the petition for removal.

The removal statute, 28 U.S.C. § 1441(a), has been consistently interpreted as requiring the joinder of all defendants in the petition for removal. *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546 (7th Cir. 1968); *Perrin v. Walker*, 385 F.Supp. 945 (E.D.Ill. 1974); 14 Wright, Miller, & Cooper, Federal Practice & Procedure, § 3731 at 718–19 (1976). There is an exception to this rule, however, which provides that misaligned parties may be realigned and thus need not join in the removal petition. In *First National Bank of Chicago v. Mottola*, 302 F.Supp. 785, 789 (N.D.Ill.1969), *affirmed sub nom. First National Bank of Chicago v. Ettlinger*, 465 F.2d 343 (7th Cir. 1972), the district court discussed the realignment question at length stating:

As in cases of original diversity jurisdiction, where the removal jurisdiction of a federal court is invoked on the basis of diversity, the characterization of a party as defendant or plaintiff in the state action is not determinative. The court is first obliged to examine the substantive interests of the parties and align them in a manner which is consistent with their actual interests. The propriety of removal is then considered in the light of the parties' respective positions in the suit.

Ettlinger suggests, nevertheless, a caveat to these general principles. He submits that a realignment of the parties is relevant only to the question of diversity for removal and that it is irrelevant to the general requirements of the joinder of all the defendants in the removal petition. Accordingly, he contends that his relative position in the instant suit does not excuse his omission from the removal petition.

This proposition would seem both unfounded and arbitrary. It is clear that it is the established policy in the federal courts to consider the actual realities of the dispute, rather than the nominal positions assigned to the parties by the pleader. The proposed distinction, if accepted, would create only an anomaly. There is no reason why the nominal position assigned to a party in the pleadings should control the question of joinder but be deemed immaterial to the question of diversity. The joinder requirement is designed only to insure a unanimous choice of a federal forum by the defendants. It

cannot reasonably be understood to give a party who in reality occupies a position in conflict with that of other defendants a veto over the removal of the action.

On appeal, the district court's decision was adopted by the Seventh Circuit Court of Appeals. *Ettlinger*, 465 F.2d at 345.

In its responsive brief, Midland claims that American is a misaligned party and thus, its joinder in the petition for removal was unnecessary.

■ This is a products liability action. Plaintiff claims in her complaint that she was injured by a machine manufactured by Midland. According to plaintiff's complaint, she was employed by American at the time of her injuries and joined American as a defendant pursuant to Wis.Stat. § 803.03. In plaintiff's complaint, she states that American "has an interest in the plaintiff's claim by reason of its being the worker's compensation carrier." American is self-insured.

It is clear that American must be realigned as a party plaintiff for purposes of removal. First, in plaintiff's complaint, she states that American is a defendant because of its interest in plaintiff's claim. In other words, American's actual interest in this lawsuit is as a plaintiff in that, pursuant to Wis.Stat. § 102.29(1), it can maintain an action for reimbursement. Second and most important, under Wis.Stat. § 102.03(2), plaintiff's sole remedy against American, her employer, is workmen's compensation. Therefore, plaintiff cannot obtain relief from American in this action.

Based upon the foregoing, American will be realigned as a party plaintiff. As such, American need not have joined in the petition for removal.

Therefore, plaintiff's motion for remand based upon American's failure to join in the petition for removal must be and hereby is denied.

SO ORDERED this 14th day of May, 1979, at Milwaukee, Wisconsin.