The **ESTATE of Mary PILSNIK, the Estate of Richard Pilsnik, Agnes Pilsnik, and Thomas & Patricia Liner, Plaintiffs,**

v.

Anthony **HUDLER, Daniel R. Ditorrice, City of West Allis, Cities and Villages Mutual Insurance Company, and Quad/Graphics, Inc., Defendants.**

No. 00–C–0715.

United States District Court,
E.D. Wisconsin.

Aug. 25, 2000.

Robert L. Jaskulski, Merrick R. Domnitz, Domnitz Mawicke & Goisman, Milwaukee, WI, for Plaintiffs.

Scott E. Post, West Allis City Attorney's Office, West Allis, Kevin P. Reak, Gregg J. Gunta, Milwaukee, WI, for Defendants.

## ORDER

STADTMUELLER, Chief Judge.

Now before the court are two motions: the motion of defendants City of West Allis, Daniel R. Ditorrice, and Cities and Villages Mutual Insurance Company to amend their notice of removal, and plaintiffs' competing motion to remand the case to the Circuit Court for Milwaukee County. For the reasons set forth below, the court grants defendants' motion and denies plaintiffs' motion.

## FACTS

The pending action arises as a result of a fatal car accident that occurred in the early morning of March 2, 1998. On that date, a vehicle driven by Anthony Hudler collided with an automobile occupied by Richard and Mary Pilsnik. Less than forty-five minutes prior to the accident, Mr. Hudler had been stopped by Officer Daniel Ditorrice of the West Allis Police Department. Officer Dittorice allegedly permitted Mr. Hudler to drive away from the traffic stop despite knowing that Mr. Hudler's license had been suspended and hav-

ing reason to believe Mr. Hudler had been drinking alcoholic beverages. Both Mr. And Mrs. Pilsnik died as a result of injuries sustained in the accident.

On March 31, 1999, the survivor of Richard Pilsnik, Agnes Pilsnik, and the survivors of Mary Pilsnik, Thomas and Patricia Liner [hereinafter, "the plaintiffs"] filed a wrongful death action against Mr. Hudler, Officer Dittorice, the City of West Allis, and West Allis's insurer, Cities and Villages Mutual Insurance Company [hereinafter, "the defendants"] in the Circuit Court for Milwaukee County, alleging negligence on the part of the defendants. Pursuant to Wis. Stat. § 803.03, Quad/Graphics also was named in the action as a party with potential claims derived from subrogation to the rights of the plaintiffs. On May 10, 1999, Quad/Graphics answered the complaint and formally asserted its alleged right of subrogation against both plaintiffs and defendants, based upon certain payments Quad/Graphics had made for the medical treatment of its employee Mary Pilsnik before her death.

Subsequent to conducting discovery, the plaintiffs requested leave to file an amended complaint alleging a federal civil rights claim against Officer Dittorice. This motion was granted by the state court and on April 14, 2000, the plaintiffs did, indeed, file an amended complaint realleging the state common law causes of action, and including a claim against Officer Dittorice pursuant to 42 U.S.C. § 1983.

As a result of a settlement reached between Mr. Hudler's insurance carrier and the plaintiffs, on April 18, 2000, the state court entered an order dismissing with prejudice the plaintiffs' claims against Mr. Hudler. This order made no mention of the cross-claim by Quad/Graphics against Mr. Hudler.

After obtaining the verbal consent of counsel for Quad/Graphics, but without obtaining the consent (verbal or written) of Mr. Hudler, on May 18, 2000, the remaining defendants filed with this court a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1367(a) due to the presence in the case of a federal civil rights claim. The plaintiffs timely objected and, on June 9, 2000, moved to remand the case to the Circuit Court for Milwaukee County pursuant to 28 U.S.C. § 1447(e). The plaintiffs allege, *inter alia*, that the notice of removal was deficient for neither including Mr. Hudler's consent nor a brief statement explaining why such consent might be unnecessary. On June 29, 2000, the defendants moved to amend their notice of removal to include an explanation for the absence of Mr. Hudler's consent.

The motions have been fully briefed and are ready for resolution by the court.

## DISCUSSION

█ "As a general rule, all defendants must join in a removal petition in order to effect removal." *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir.1982)(citing *Chicago, Rock Island & Pacific Ry. Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900)). In this case, correspondence among the parties suggest that despite the dismissal of plaintiffs' claims against him, Mr. Hudler still remained in the case when plaintiffs' first notice of removal was filed, at least as a third party defendant to the cross-claim of Quad/Graphics. *See* Affidavit accompanying defendants' Motion to Amend Notice of Removal, Exhibit F; Affidavit accompanying plaintiffs' Motion to Remand, Exhibits F and G. Mr. Hudler's consent to removal was never sought, however, nor was it ever granted.

█ The primary question faced by this court is whether, at the time the first notice of removal was filed, Mr. Hudler was a "defendant" for purposes of the removal statute. If he was, the notice was defective for failing to include either his consent, or an explanation why his consent was unnecessary. *See Northern Illinois*, 676 F.2d at 273 ("Because it is incumbent

upon a party petitioning to remove a state court case to federal court to allege in the petition 'a short and plain statement of the facts which entitle him to remove,' 28 U.S.C. § 1446(a), a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants"). If he was not, his consent was not required, and the notice was not defective in this regard.

■ Unfortunately, the parties have failed to direct the court to any cases addressing the issue of whether a defendant who has settled with the plaintiffs— but not with a cross-claiming co-defendant—remains a "defendant" for the purposes of 28 U.S.C. § 1446(a) (the statute governing the procedure for removal and requiring consent of all co-defendants), and the court has failed independently to find any cases directly on point. Addressing the issue functionally, however, this court determines that such a party is *not* a "defendant" for the purposes of the removal statute and therefore finds the defendants' notice sufficient in this regard, as discussed below.

It is important to realize what position Mr. Hudler actually occupied in the case at the time the notice of removal was filed. He had been completely released from liability for all claims enumerated in the complaint. Indeed, he did not appear in the caption of the notice of removal filed in this court, and correspondence from his lawyer indicates that he was surprised still to be considered a part of "the case" by lawyers from Quad/Graphics who could seek repayment of their medical expenditures from the plaintiffs directly. *See* Affidavit accompanying Defendants' Motion to Amend Notice of Removal, Exhibit F. Since he could no longer be held liable to the plaintiffs (as opposed to some other party in the case), he is much more appropriately designated a third-party defendant, rather than a defendant, *per se.*

■ "It is clear that it is the established policy in the federal courts to consider the actual realities of the dispute, rather than the nominal positions assigned to the parties by the pleader." *First National Bank of Chicago v. Mottola,* 302 F.Supp. 785, 789 (N.D.Ill.1969), aff'd. sub nom., *First National Bank of Chicago v. Ettlinger,* 465 F.2d 343 (7th Cir.1972). If Mr. Hudler accordingly is seen as a third-party defendant, his consent was not required, nor was an explanation for his lack of consent. As explained in 16 *Moore's Federal Practice,* § 107.11[1][b][iv] (3d ed.1997), "[t]hird-party defendants are not *defendants* within the meaning of the removal statute[.]" While addressing the issue in a slightly different context (whether a third-party defendant can remove a case to federal court), the Court of Appeals for the Eighth Circuit agreed, stating that the removal statute "applies only to claims joined by the plaintiff." *Lewis v. Windsor Door Co., Div. of Ceco Corp.,* 926 F.2d 729, 733 (8th Cir.1991). Indeed, it is settled law in this circuit that a third-party defendant may not remove a case. *See Thomas v. Shelton,* 740 F.2d 478 (7th Cir.1984). This strongly suggests that third-party defendants simply are not "defendants" as that term is used in the removal statute.

Even if Mr. Hudler is seen as a defendant, he is only a nominal defendant whose consent is not required for removal. *See Roe v. O'Donohue,* 38 F.3d 298 (7th Cir.1994)(nominal parties disregarded for purposes of the unanimity rule). *See also* 14 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure,* § 3731, n. 20 (collecting cases). A defendant is deemed "nominal" "if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands,* 994 F.2d 364, 369 (7th Cir. 1993). If the operative liability for determining nominal defendant status is that owed to the plaintiffs, there is no question that Mr. Hudler was merely a nominal defendant—all the plaintiffs' claims against him had been dismissed, after all. Even if "liability" is to be read more broadly to

mean liability from all possible sources, Mr. Hudler remains a nominal defendant: There is no "reasonable basis" for predicting that Mr. Hudler will be liable to Quad/Graphics as Quad/Graphics may recoup the funds it expended in paying for Mrs. Pilsnik's treatment from the funds Mr. Hudler's insurance carrier has already paid to the plaintiffs, as it is entitled under law.

■ Of course, if Mr. Hudler was a "defendant" for the purposes of the removal statute—even a "nominal" one—it was incumbent upon the defendants to forward an explanation in their notice of removal for his lack of consent. They did not. Removal petitions may be freely amended for thirty days after a defendant receives a copy of the state court complaint, or is served, whichever comes first. 28 U.S.C. § 1446(b). In this case, the defendants received the plaintiffs' amended complaint containing a federal claim in April 2000, but did not seek to amend their notice of removal until June 29, 2000. Thus, they did not meet the 30–day deadline. It is said that the time limit is to be applied strictly. *See Northern Illinois,* 676 F.2d at 273. However, in *Shaw v. Dow Brands,* the Court of Appeals for the Seventh Circuit called this rule into question, noting that more serious defective allegations of jurisdiction may be later corrected under 28 U.S.C. § 1653. 994 F.2d at 368–69. Seeing the required explanation of absence as a mere "technicality," the court in *Shaw* permitted amendment of a notice of removal to include such an explanation well beyond the thirty-day limit, going on to state that "[t]he question is whether the [petition for removal] was so defective as to be incurable." *Id.* (quoting *Kinney v. Columbia Savings & Loan Ass'n,* 191 U.S. 78, 80, 24 S.Ct. 30, 31, 48 L.Ed. 103 (1903)). In fact, even the court in *North-*

*ern Illinois* that purported to apply strictly the thirty day limit permitted later amendment. *See Northern Illinois,* 676 F.2d at 273.

Following the lead of the court of appeals for this circuit, the court will grant the defendants' motion to amend their notice of removal to include an explanation that if Mr. Hudler was a true defendant, his consent was not required because he was a nominal defendant.[1]

Aside from objecting to the omission of Mr. Hudler's consent to the original notice of removal, plaintiffs raise one other issue in their motion to remand: In passing, they argue that while Quad/Graphics verbally consented to removal, the company did not do so in writing, as is required of co-defendants. *See* Plaintiff's Brief in Support of Motion to Remand, p. 6. This argument does not get far. As defendants explain in their amended notice of removal, Quad/Graphics' consent was not required at all, neither in writing nor verbally, as the plaintiffs raised no claims against the company and the company actually stood in the position of a plaintiff for the purposes of removal. This issue was explored in great depth in two similar cases arising in this district—*Sersted v. Midland–Ross Corp.,* 471 F.Supp. 298 (E.D.Wis.1979), and *Grusznski v. Viking Ins. Co.,* 854 F.Supp. 586 (E.D.Wis.1994). As those cases ably explain, an employer subrogated to the rights of a party plaintiff is not a defendant for the purposes of the removal statute, even if listed as a defendant in the case caption.

**CONCLUSION**

To review, the court will permit the defendants to amend their notice of removal to include an explanation for the absence of Mr. Hudler's consent, despite the

---

1. The defendants' proposed amended notice of removal also purports to explain that Mr. Hudler's consent was not required because the claims against him are separate and independent from those the defendants seek to remove to federal court. They have not

briefed the issue, however, nor is a decision on it required in light of the previous explanation, which the court finds convincing. Thus, the court need not rule on this alternate ground for denying remand to the state court.

**910**

fact such amendment was sought more than 30 days after receiving plaintiffs' amended complaint. While not expressly authorized by statute, neither 28 U.S.C. § 1446(b) nor 28 U.S.C. § 1653 prohibit such amendment and the court of appeals for this circuit has established a policy permitting amendment to correct mere "technical" errors in a petition.

Conversely, the court will deny the plaintiffs' motion to remand. Under 28 U.S.C. § 1441, any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where the action was pending. By adding a federal civil rights claim to their complaint, plaintiffs voluntarily exposed the case to potential removal to this court. Removal will not be avoided by the mere fact defendants did not seek the consent of Mr. Hudler—a party who had previously been dismissed from the case in chief—nor explain the absence of consent. At the time the notice of removal was filed, Mr. Hudler was no longer a defendant for the purposes of the removal statute and need not have been addressed in any way by the defendants. Even if he was still technically a defendant, he was only a nominal defendant, as the defendants' amended notice of removal explains. Jurisdiction in this court is therefore proper.

Accordingly,

**IT IS ORDERED** that defendants' motion to amend notice of removal be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand to Circuit Court for Milwaukee County be and the same is hereby **DENIED.**